IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IRVIN MENDOZA GARCIA, #03632-509,<br><br>Plaintiff,<br><br>v.<br><br>ESTELA DERR,<br><br>Defendant. | Civil No. 22-00205 JAO-RT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the Court is a Prisoner Civil Rights Complaint ("Complaint"), ECF No. 1, filed by pro se Plaintiff Irvin Mendoza Garcia ("Garcia") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Garcia alleges that Defendant Estela Derr, the warden at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu"), violated the Eighth Amendment by threatening his safety. *Id.* at 1, 2, 5–6. According to Garcia, Warden Derr should not have housed him with convicted inmates because he is a "deportable alien." *Id.* at 5.

After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court DISMISSES the Complaint with leave granted to amend. If Garcia wants this action to proceed, he must file an amended pleading that cures

the noted deficiencies in his claims on or before July 25, 2022.  In the alternative, Garcia may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## I.　STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[1]

Garcia commenced this action by signing the Complaint on May 2, 2022. ECF No. 1 at 9. On May 16, 2022, the Court issued an Order, ECF No. 5, granting Garcia's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 4.

Garcia alleges that Warden Derr threatened his safety by housing him in "unit 5A" at FDC Honolulu with "convicted inmates" and "high security inmates." ECF No. 1 at 5. According to Garcia, many of the convicted inmates housed in unit 5A are "gang members." *Id.* Garcia is not affiliated with a gang. *Id.* Garcia asserts that he should not be housed with convicted inmates because he is a

---

[1] Garcia's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

"deportable alien." *Id.* In support of this claim, Garcia cites Bureau of Prisons ("BOP") Program Statement 7331.04[2] and 18 U.S.C. § 3142.[3] *Id.*

Garcia seeks $50,000, the fees associated with commencing this action, and "an Order or Recommendation from the Court to transfer [him] to a facility other than a detention center in order for him to serve[] his sentence in a facility that will not deprive him of his civil rights." *Id.* at 9.

### III.   DISCUSSION

#### A.   Legal Framework for *Bivens* Claims

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 582 U.S. ___, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*,

---

[2] Program Statement 7331.04 addresses "Pretrial Inmates" and states that "[p]retrial inmates will be separated, to the extent practicable, from convicted inmates." Bureau of Prisons, Program Statement 7331.04, at 1 (Jan. 31, 2003), https://www.bop.gov/policy/progstat/7331_004.pdf. The program statement further provides that "[d]eportable alien detainees housed in [BOP] detention institutions . . . are considered pretrial inmates for [the program statement's] purposes." *Id.* at 4.

[3] Section 3142(i) states that pretrial detainees must be confined "in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal." 18 U.S.C. § 3142(i).

4

403 U.S. at 389–90.  Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice.  *See Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."  *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675).  "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[4]  *Id.* (quoting *Malesko*, 534 U.S. at 68).  Indeed, the

---

[4] The Supreme Court declined to create a *Bivens* remedy in the following cases:  a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination,  *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of

(continued . . .)

Supreme Court has indicated that "if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution." *Egbert*, 596 U.S. ___, 2022 WL 2056291, at *11.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at

---

(. . . continued)
Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); a suit under the Fifth, Eighth, and Fourteenth Amendments against United States Public Health Service personnel, *see Hui v. Castaneda*, 559 U.S. 799 (2010); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 582 U.S. ___, 137 S. Ct. 1843; a Fourth and Fifth Amendment suit against a United States Border Patrol agent, *see Hernandez v. Mesa*, 589 U.S. ___, 140 S. Ct. 739 (2020); and a First and Fourth Amendment suit against a United States Border Patrol Agent, *see Egbert v. Boule*, 596 U.S. ___, 2022 WL 2056291 (2022).

1859. If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met. First, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert*, 596 U.S. at ___, 2022 WL 2056291, at *6 (citations omitted)). "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* at ___, 2022 WL 2056291, at *9. "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* at ___, 2022 WL 2056291, at *6 (citation omitted). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (citation omitted). Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857–58.

The Supreme Court has stated that the two-step test often resolves to a single question: "whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at ___, 2022 WL 2056291, at *6, 8 (citation omitted). "Put another way, 'the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?'" *Id.* at ___, 2022 WL 2056291, at *5 (citation omitted). "If there is a rational reason to think that the answer is 'Congress' — as it will be in most every case, no *Bivens* action may lie." *Id.* (citation omitted). Thus, "if there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate,'" or "even if there is the '*potential*' for such consequences, a court cannot afford a plaintiff a *Bivens* remedy." *Id.* at ___, 2022 WL 2056291, at *8 (citations omitted).

B.     **Eighth Amendment — Threat To Safety**

Garcia alleges that Warden Derr threatened his safety and violated the Eighth Amendment by housing him with convicted inmates in unit 5A at FDC Honolulu. ECF No. 1 at 5–6.

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit

inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Prison officials, therefore, may not use excessive physical force against prisoners, they "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (citations omitted).

The Supreme Court has not explicitly held that a *Bivens* remedy is available under the Eighth Amendment for a threat to safety claim. The Ninth Circuit, however, has allowed a *Bivens* claim under the Eighth Amendment for a federal prison official's deliberate indifference to prisoner safety. *See Doreh v. Rodriguez*, 723 F. App'x 530, 530 (9th Cir. 2018) ("[T]hese allegations are sufficient to state a deliberate indifference to safety claim." (citation omitted)). Several district courts have also recognized failure to protect claims under *Bivens*. *See McDaniels v. United States*, No. 5:14-cv-02594-VBF-JDE, 2018 WL 7501292, at *5–6 (C.D. Cal. Dec. 28, 2018), *report and recommendation adopted*, 2019 WL 1045132 (C.D. Cal. Mar. 5, 2019); *Lee v. Matevousian*, No. 1:18-cv-00169-GSA-PC, 2018 WL 5603593, at *7–8 (E.D. Cal. Oct. 26, 2018) (concluding that a failure to protect claim was not a *Bivens* expansion); *Marquez v. United States*, Case No.: 3:18-cv-0434-CAB-NLS, 2018 WL 1942418, at *4 (S.D. Cal. Apr. 25, 2018).

Even assuming the existence of a *Bivens* remedy, Garcia fails to state a plausible claim. *See Hernandez*, 582 U.S. at ___, 137 S. Ct. at 2007 ("[D]isposing

9

of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy — is appropriate in many cases."); *Ansari v. Martinez*, 859 F. App'x 842, 842 (9th Cir. 2021) ("The district court properly dismissed [the plaintiff's] Eighth Amendment claims because, even if a *Bivens* remedy is available for these claims, [the plaintiff] failed to allege facts sufficient to state a plausible claim." (citations omitted)).

The Eighth Amendment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (internal quotation marks and citation omitted). Prison officials, therefore, "have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation marks, alteration, and citation omitted).

A prison official violates the Eighth Amendment, however, only when two requirements are met. "First, the deprivation alleged must be objectively, sufficiently serious." *Id.* at 834 (citations omitted). "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citation and footnote omitted). Second, the plaintiff must show deliberate indifference — that is, that "the [prison] official kn[ew] of and disregard[ed] an excessive risk to inmate . . . safety." *Id.* at 837. "[T]he official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Here, Garcia has not plausibly alleged that he faced a substantial risk of serious harm in unit 5A at FDC Honolulu. Garcia does not allege that anyone has harmed him, attempted to harm him, or even threatened to do so. Nor does Garcia allege any other facts suggesting that he faced a substantial risk of harm. To the extent Garcia is suggesting that housing members of different gangs together necessarily amounts to an Eighth Amendment violation, he is mistaken. *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) ("[A]mong other problems, 'the number of gang members housed and the high representation of certain gangs would place an unmanageable burden on prison administrators were they required to separate inmates by gangs.'" (quoting *Mayoral v. Sheahan*, 245 F.3d 934, 939 (7th Cir. 2001) (alterations omitted)); *Wilson v. Pierce County*, Case No. 16-5455 RJB, 2017 WL 3876625 (W.D. Wash. Sept. 5, 2017) ("The Ninth Circuit has held that a jail's policy of housing rival gang members together does not amount to a per se violation of the Eighth Amendment." (citing *Labatad*, 714 F.3d at 1160)).

Moreover, Garcia has not plausibly alleged that Warden Derr acted with deliberate indifference to his safety. Garcia does not say how Warden Derr knew of a substantial risk to his safety and disregarded that risk. For example, Garcia

does not allege that he ever complained to Warden Derr about his housing assignment at FDC Honolulu or the conditions that he experienced there.

Garcia cites a BOP policy to allege that he should not be housed at FDC Honolulu. ECF No. 1 at 5. Garcia's reliance on a BOP program statement is misplaced for at least two reasons.

First, the Supreme Court has never recognized a *Bivens* cause of action for purported violations of BOP policies. *See Islaam v. Kubicki*, 838 F. App'x 657, 661 (3d Cir. 2020). Indeed, as one court has stated, "[t]o allow a damages remedy for violations of BOP policy that do not amount to unconstitutional conduct would exceed the bounds of judicial function." *Id.* (citation omitted); *see also deWilliams v. Groves*, No. ED CV 17-356-GW (PLA), 2019 WL 994407, at *5 (C.D. Cal. Jan. 16, 2019) ("[T]he mere failure of a correctional officer to follow BOP rules, procedures, or policies does not rise to the level of a federal civil rights violation." (citation omitted)); *Williams v. Rios*, No. 1:10-cv-01207-AWI-GBC (PC), 2011 WL 1627177, at *3 (E.D. Cal. Apr. 28, 2011) ("[A] *Bivens* action must be founded upon a violation of constitutional rights, and a failure to adhere to administrative regulations does not equate to a constitutional violation." (internal quotation marks and citations omitted)).

Second, even if Garcia could rely on a BOP program statement in an action brought pursuant to *Bivens*, Garcia has not plausibly alleged that the program

statement applies to him. While the program statement addresses pretrial inmates and deportable alien detainees (who are considered pretrial inmates for purposes of the program statement), as far as the Court can tell, Garcia is a *convicted* inmate. *See* Judgment in a Criminal Case, *United States v. Garcia*, Cr. No. 20-01878-KC (W.D. Tex. Sept. 12, 2021), ECF No. 52 at 1–2 (reflecting that Garcia was adjudged guilty and sentenced to 68 months' imprisonment); *see also* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "03632-509" in "Number" field; and click on "Search") (last visited June 24, 2022) (showing that Garcia's scheduled release date is May 25, 2025). Garcia alleges no facts indicating otherwise. If Garcia is a convicted inmate, any program statement regarding the placement of deportable aliens who have not been convicted simply does not apply to him.

For the same reason, Garcia's reliance on 18 U.S.C. § 1342, *see* ECF No. 1 at 5, is misplaced. That section addresses the release or detention of a defendant pending trial. Garcia is not awaiting trial and, therefore, 18 U.S.C. § 3142 is not relevant here. Unless Garcia can plausibly allege that he faced a substantial risk of serious harm and a prison official was deliberately indifferent to that risk, this action cannot proceed. Garcia's threat to safety claim is therefore DISMISSED with leave to amend.

### C.     Injunctive Relief Under *Bivens*

In his request for relief, Garcia seeks $50,000, the fees associated with this action, and "an Order or Recommendation from the Court to transfer [Garcia] to a facility other than a detention center in order for him to serve[] his sentence in a facility that will not deprive him of his civil rights." ECF No. 1 at 9.

"*Bivens* does not encompass injunctive and declaratory relief[.]" *Solida*, 820 F.3d at 1093 (citations omitted); *see Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." (citation omitted)); *Bacon v. Core Civic*, Case No.: 2:20-cv-00914-JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) ("[I]njunctive relief may not be obtained through *Bivens* actions, which are limited to claims for monetary damages against persons in their individual capacities." (footnote omitted)).  Thus, to the extent Garcia seeks injunctive relief in the form of a recommendation to transfer him, such relief is not available under *Bivens*.[5]

---

[5] "[A] prisoner may bring a non-*Bivens* action for injunctive relief to stop Eighth Amendment violations based on conditions of confinement." *Pinson v. Othon*, No. CV-20-00169-TUC-RM, 2020 WL 6273410, at *5 (D. Ariz. Oct. 26, 2020) (citation omitted).  To bring such a claim, a prisoner must:

> (1) invoke jurisdiction under 28 U.S.C. § 1331, (2) allege facts to state a colorable ongoing Eighth Amendment claim, (3) name as a defendant the person who would be responsible for carrying
> (continued . . .)

14

## IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with partial leave granted to amend. Garcia may file an amended pleading on or before July 25, 2022. Garcia may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint. Claims that do not properly relate to those in the Complaint are subject to dismissal.

Garcia must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th

---

(continued . . .)
      out any order for injunctive relief, and (4) request particular injunctive relief that is specifically targeted to resolving the ongoing Eighth Amendment violation.

*Id.*; *see also Carballo v. Barr*, 491 F. Supp. 3d 860, 867 (D. Nev. 2020) ("[A] plaintiff may sue a federal officer in his or her official capacity, invoking jurisdiction under 28 U.S.C. § 1331 and the court's inherent equitable powers, and seek injunctive relief to remedy alleged constitutional violations."). For the reasons set forth above, however, Garcia fails to state a colorable Eighth Amendment claim.

Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.     28 U.S.C. § 1915(g)

If Garcia fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(2) Garcia may amend his pleading, however, by curing the deficiencies in his claims on or before July 25, 2022.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Garcia may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Garcia may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Garcia a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 24, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00205 JAO-RT, *Garcia v. Derr*; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND